**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1089

UNITED STATES OF AMERICA,

Appellee,

v.

GARY FOSTER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Selya, Lynch, and Howard, Circuit Judges.

Thomas P. Colantuono, United States Attorney, and Peter E. Papps, First Assistant United States Attorney, on brief for appellee.
Jonathan R. Saxe, Assistant Federal Public Defender, on brief for appellant.

July 15, 2005

**Per Curiam**.  Gary Foster pleaded guilty to an information charging him with possession of child pornography, see 18 U.S.C. § 2252A(a)(5)(B), and was sentenced to 51 months in prison.  He challenges his sentence on two grounds.  First, he argues that the district court's application of a cross reference in U.S.S.G. § 2G2.4(c)(2), and further application of a sentence enhancement in U.S.S.G. § 2G2.2(b)(2)(E), constituted impermissible double punishment (or "double counting") for the same conduct. Second, he contends that his sentence, imposed under a Guidelines regime that the sentencing judge erroneously (although understandably) regarded as mandatory, constitutes plain error under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and our decision in United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005).  Neither argument merits extended discussion.

The premise of Foster's double counting argument is that both the cross reference and the enhancement were triggered by his emailing to others images of child pornography that he previously had received on his computer.  But Foster's premise is faulty. Application of the cross reference was justified not only by the distribution of the images in question (which triggered the enhancement in U.S.S.G. § 2G2.2(b)(2)(E)); it also was justified by his prior receipt of the material "with intent to traffic." U.S.S.G. § 2G2.4(c)(2).  (Foster acknowledges as much on page 10 of his opening brief).  And there is no double counting when different

components or aspects of the relevant criminal conduct trigger different Guidelines provisions which increase one's base offense level.  See United States v. Johnson, 221 F.3d 83, 99 (2d Cir. 2000) (child pornography case); see also United States v. Brown, 169 F.3d 89, 93 (1st Cir. 1999).

Foster's Booker argument falters on the third prong of the plain error test -- that the error affected his substantial rights. See Antonakopoulos, 399 F.3d at 75 (requiring a "reasonable probability" that the district court would sentence more leniently on remand).  Although we are not "overly demanding as to proof of [such a] probability," United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005), nothing in the record suggests that the district court would give Foster a shorter sentence under the advisory Guidelines.  The sentencing judge explicitly stated that, while he thought that the Guidelines generally "underpunished" the possession of child pornography, Foster's 51-month sentence was "appropriate" because of the applicability of several sentence enhancements.  See United States v. Martins, ___ F.3d ___, 2005 WL 1502939, at *12 (1st Cir. June 27, 2005) (where the sentencing court had stated that the sentence was "just," there was no reasonable probability of a lesser sentence on remand). Consequently, this is not a situation which calls for resentencing under Antonakopoulos.

**Affirmed**.

-3-